**Daniel Lawrence SMITH, Plaintiff–Appellant,**

v.

**FIGEROE; et al., Defendants– Appellees.**

**No. 10–17141.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Nov. 1, 2011.

Daniel Lawrence Smith, Norco, CA, pro se.

Ellen Hung, Deputy Attorney General, Megan R. O'Carroll, Office of the California Attorney General, Sacramento, CA, Neah Huynh, Deputy Attorney General,

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Daniel Lawrence Smith, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his right of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Smith failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of the loss of the Keybo declaration. *See Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim). Specifically, Smith did not raise a genuine dispute of material fact as to whether the declaration contained "newly discovered evidence" that would allow him to pursue a state habeas action. *In re Hardy*, 41 Cal.4th 977, 63 Cal.Rptr.3d 845, 163 P.3d 853, 872 (2007) (setting forth the requirements for pursuing a habeas action claiming actual innocence based on newly discovered evidence).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider issues that were not raised in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**